THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ORTLOFF, Appellant. Ughetta, Acting P. J., Christ, Brennan and Munder, JJ., concur: Benjamin, J., dissents and votes to reverse the order and to remit the application for a hearing, with the following memorandum: In his *coram nobis* petition, defendant stated that his guilty plea had been induced by an unkept promise of leniency, made to his attorney by the court and communicated to him by his attorney. His assertion was corroborated by a fellow prisoner who allegedly was present and heard the conversation between defendant and his attorney. Defendant further stated that his attorney refused to acknowledge that such promise was made, and instead described his conversation with defendant as an "educated guess based on experience". No affidavit by said attorney was submitted on this application, which was denied without a hearing. In my opinion, a hearing is required. First, one is needed so that defendant's attorney can clarify whether his alleged "educated guess" was based on his general experience or on his interpretation of statements made by the court. Second, if we assume that defendant's attorney meant to deny that a promise had been made by the court, he has been contradicted in that respect by defendant's fellow prisoner, and that conflict requires a hearing for its resolution (*People* v. *Weldon,* 17 N Y 2d 814).